

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

ALB:OG  
F. #2003R00452

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 14, 2020

<u>By ECF</u>

The Honorable Raymond J. Dearie  
United States District Judge  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, NY 11201

      Re:    United States v. Vincent DeMartino  
            <u>Criminal Docket No. 03-285 (RJD)</u>

Dear Judge Dearie:

      The government writes briefly in response to DeMartino's supplement to his motion for compassionate release.  (Dkt. No. 231.)  In the supplement, DeMartino argues that he has now met the exhaustion requirement under 18 U.S.C. § 3582(c) because the warden of FCI Allenwood-Low has denied his April 25, 2020 application for compassionate release.  <u>Id.</u>  Although some courts outside of the Eastern District have adopted this view, for the reasons set forth below, this Court should find that DeMartino has still not met the exhaustion requirements of the statute.

      A motion under 18 U.S.C. § 3582(c) may be made by either the BOP or a defendant, but in the latter case only "after the defendant has <u>fully exhausted</u> all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  <u>Id.</u> (emphasis added).  Where, as here, a defendant's compassionate release motion is denied by the warden of his institution within 30 days, the defendant cannot file his motion in district court, and the district court "may not" modify his term of imprisonment, until he has "<u>fully exhausted</u> all administrative rights."  <u>Id.</u> (emphasis added).  In short, where a warden timely denies an inmate's request, § 3582(c)(1)(A) requires full exhaustion.  <u>See, e.g.</u>, <u>United State v. Grief</u>, No. 14-CR-555 (Joseph F. Bianco, Circuit Judge (sitting by designation))(May 13, 2020)("[T]he defendant has not presented any proof that he has appealed the warden's decision to the Bureau of Prisons, which leaves his administrative rights unexhausted."); <u>United States v. Ng.</u>, No. 15-CR-706 (VSB), 2020 WL 2301202, at *6 (S.D.N.Y. May 8, 2020) (finding that a defendant

must exhaust the BOP appeals process to satisfy Section 3582(c)(1)(A)'s exhaustion requirement, but noting that the government waived the exhaustion requirement in this particular case); United States v. Davis, No. 96-CR-912 (ERK) (E.D.N.Y. Apr. 14, 2020) (finding that defendant failed to satisfy § 3582(c)(1)(A) where warden denied inmate's request in seven days and defendant did not appeal denial before filing in district court); United States v. Bolino, No. 06-CR-0806 (BMC), 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020) (instructing that "[i]f the prison warden denies that request [from the inmate], the prisoner must appeal the denial through the BOP's Administrative Remedy Procedure"); United States v. Quashie, No. 14-CR-0376 (BMC), 2019 WL 7194211 (E.D.N.Y. Dec. 26, 2019); see also, e.g., United States v. Leeland Eisenberg, No. 16-CR-157-LM, 2020 WL 1808844 (D.N.H. Apr. 9, 2020) ("[B]efore a district court may consider a compassionate release motion filed directly by a defendant, the defendant must demonstrate that he has either exhausted his administrative rights to appeal BOP's refusal to bring a motion for compassionate release on his behalf or that BOP has ignored his request for compassionate release for 30 days."); United States v. Korn, No. 11-CR-384S, 2020 WL 1808213, at *2 (W.D.N.Y. Apr. 9, 2020) (same); United States v. Brummett, No. 6: 07-103-DCR, 2020 WL 1492763, at *1 (E.D. Ky. Mar. 27, 2020) (same); United States v. Mattingley, No. 15-CR-00005, 2020 WL 974874, at *5 (W.D. Va. Feb. 28, 2020) (same); United States v. Hilton, No. 1:18CR324-1, 2020 WL 836729, at *2 (M.D.N.C. Feb. 20, 2020) (same); United States v. Nance, No. 7:92CR00135, 2020 WL 114195, at *2 (W.D. Va. Jan. 10, 2020) ("In Nance's case, the Warden did respond to his request within 30 days.  Accordingly, Nance was obligated to complete the administrative appeal process."); United States v. Miller, No. 16-CR-00269, 2020 WL 113349, at *2 (D. Idaho Jan. 8, 2020) ("It seems odd that Congress would allow a defendant to short-circuit the Bureau of Prison's administrative procedures simply by waiting 30 days after filing his request, despite the warden timely acting on that request.  In this context 'lapse' clearly means that the warden must fail to act on the defendant's request for a period of 30 days.  The 30-day period gives the warden time to respond to the inmate's request, but prevents the warden from sitting on the request for an unnecessarily long period of time." (citation omitted)).  But see United States v. Foreman, 2020 WL 2315908, at *2 n.2 (D. Conn. May 11, 2020); United States v. Woodson, No. 18-CR-845 (PKC), 2020 WL 1673253, at *1 (S.D.N.Y. Apr. 6, 2020); United States v. York, No. 3:11-CR-76, 2019 WL 3241166, at *6 (E.D. Tenn. July 18, 2019) ("Because 30 days have passed since [the defendant's requests to BOP], the Court has authority to hear this matter under § 3582(c)(1)(A)").

The BOP Program Statement outlines the process by which a defendant can "fully exhaust" his/her administrative rights in detail.  See Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g), https://www.bop.gov/policy/progstat/5050_050_EN.pdf.  That statement explains that a prisoner seeking a compassionate release must first file a request with the prison warden asking the BOP to move for compassionate release on the prisoner's behalf.  See id. at 3 (citing 28 C.F.R. § 571.61).  Upon receipt of an application for compassionate release, BOP officials at the relevant facility are to conduct an extensive and thorough assessment of, among other things, the inmate's particular conditions of confinement and the stated grounds for release, including, as warranted, the inmate's health.

See id.  This assessment, and the knowledge and expertise of BOP staff, can be of great value to the parties and the Court.  If the prison warden denies an initial request, the prisoner must appeal the denial through the BOP's Administrative Remedy Procedure.  See id. at 15 (citing 28 C.F.R. § 571.63).  An appeal is considered logged on the date it is entered as received, and a response must be made timely; if a prisoner does not receive a response within the allotted time, the prisoner may consider the absence of a response to be a denial.  See 28 C.F.R. § 542.18 (detailing response times).  Only after that process is complete will a defendant be considered to have "fully exhausted" his or her remedies.  Thus, requests for compassionate release follow the same exhaustion procedure as for routine administrative grievances (i.e., the use of forms BP-9 through BP-11).  See Bolino, 06-CR-806 (BMC), 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020).

   Here, the warden of DeMartino's institution has now denied the BOP Petition within 30 days and DeMartino gives no indication of whether he initiated the BOP's appeals process.  That ends this matter at this time.  As described above, Section 3582(c)(1)(A) has mandatory exhaustion language that excuses exhaustion only where the warden of the inmate's institution fails to respond to an inmate's initial request within 30 days.  Here, where that exception does not apply, the language of the statute states that a court "may not" modify a sentence unless the defendant has first "fully exhausted all administrative rights."  Cf. Fry v. Napoleon Community Schools, 137 S. Ct. 743, 750 (2017) (statute requiring that certain types of claims "shall be exhausted" is a mandatory exhaustion provision for those types of claims).  To file a petition with the Court without appealing within BOP would render the exhaustion requirement in § 3582(c)(1)(A) "wholly ineffective," because a prisoner "who does not want to participate" in BOP's administrative review, can simply choose not to, and he can do so with "no significant sanction" for "bypass[ing] available remedies."  Woodford v. Ngo, 548 U.S. 81, 95 (2006).

   Accordingly, this Court should find that DeMartino has still not met the exhaustion requirements of the statute.  For this reason, and the reasons set forth in the government's initial reply, the Court should deny DeMartino's motion for modification of his sentence and compassionate release.

            Respectfully submitted,

            RICHARD P. DONOGHUE
            United States Attorney

        By:   /s/ Oren Gleich
            Oren Gleich
            Assistant U.S. Attorney
            (718) 254-6569

cc:  Benjamin Yaster, Esq. (by ECF)
    Clerk of Court (by ECF)