

U.S. Department of Justice

United States Attorney
Eastern District of New York

MRM:OG
F. #2003R00452

610 Federal Plaza
Central Islip, New York 11722

November 4, 2020

By ECF

The Honorable Raymond J. Dearie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re: United States v. Vincent DeMartino
            Criminal Docket No. 03-285 (RJD)

Dear Judge Dearie:

      The government respectfully submits this letter in response to the Court's order on October 27, 2020, directing the government to file a response to the defendant Vincent DeMartino's pro se letter motion (Dkt. No. 241) seeking reconsideration of the Court's Memorandum and Order, dated May 26, 2020 (Dkt. No. 234), denying DeMartino's motion for compassionate release. For the reasons set forth below, the Court should dismiss or deny the defendant's request for reconsideration.

      The procedural history and facts of this case are well known to the Court from the numerous recent submissions leading up to the request for reconsideration at issue. Relevant to this response, on June 8, 2020 DeMartino filed a notice of appeal from both the Court's May 26, 2020 Order denying DeMartino's motion for compassionate release—the subject of DeMartino's pro se motion for reconsideration at issue in this response—and the Court's May 26, 2020 Order denying DeMartino's 28 U.S.C. § 2255 petition. (Dkt. No. 235). It is well-settled that a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of jurisdiction over those aspects of the case involved in the appeal." Griggs v Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982). Thus, DeMartino cannot seek reconsideration of the Order denying his motion for compassionate release at the same time he is appealing that Order to the Second Circuit. This Court recognized this principle when it previously granted DeMartino's motion to withdraw his request for reconsideration of his 28 U.S.C. § 2255 petition. See (Dkt. No. 244.) For this reason alone, DeMartino's motion for reconsideration should be dismissed.
.

If the Court nevertheless addresses the merits of DeMartino's motion, it should deny the motion. DeMartino claims that since the Court's May 26, 2020 decision, conditions at Low Security Correctional Institution ("LSCI")[1] Allenwood have changed. Motion at 2. At the time of the Court's decision, "[t]he Bureau of Prisons report[ed] that there [were] no active COVID-19 cases nor any individuals who recovered from COVID-19 at FCI Allenwood Low." (Dkt. No. 234 at 2.) In contrast, DeMartino states, "[a]s of August 12, 2020 there has now been one confirmed inmate case of COVID-19 due to an inmate transfer from FCI Yazoo in Mississippi." (Dkt. No. 241 at 2.) The most recent information available indicates that as of November 4, 2020, while the Bureau of Prison ("BOP") reports no active cases of COVID-19 at LSCI Allenwood LOW, one inmate and one staff member have recovered. See Federal Bureau of Prisons resources page, available at https://www.bop.gov/coronavirus (last visited November 4, 2020).

The undersigned has been informed by an attorney for the BOP that the inmate that is reported as having recovered tested positive during his screening upon intake to the facility several months ago. No other inmates have tested positive. In addition, the lone staff member reported as having recovered also tested positive several months ago. Given this record, as the Court previously found, "the conditions at Mr. DeMartino's facility, FCI Allenwood Low, do not exacerbate his health concerns." (Dkt. No. 234 at 2.) With respect to additional matters the defendant sets forth in his motion for reconsideration, the government relies upon its response (Dkt. No. 225) to DeMartino's initial application and submits that nothing new has been submitted that should disturb the Court's prior decision. Therefore, DeMartino's pro se motion for reconsideration should be denied.

Respectfully submitted,

SETH D. DuCHARME
Acting United States Attorney

By:   /s/ Oren Gleich
Oren Gleich
Assistant U.S. Attorney
(631) 715-7889

cc:   Benjamin Yaster, Esq. (by ECF)
Clerk of Court (by ECF)

---

[1] The undersigned has been informed by an attorney for the BOP that LSCI Allenwood is also referred to as Federal Correctional Institution ("FCI") Allenwood LOW.