**Federal Defenders**
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

*David E. Patton*
Executive Director and
Attorney-in-Chief

*Deirdre D. von Dornum*
Attorney-in-Charge

June 3, 2022

<u>VIA ECF & EMAIL</u>

The Honorable Raymond J. Dearie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: <u>United States v. DeMartino, No. 03-cr-285 (RJD)</u>

Dear Judge Dearie:

 I represent defendant Vincent DeMartino and submit this letter on behalf of the parties to apprise the Court regarding three issues concerning his home confinement.

 *First*, Mr. DeMartino was released from the Bureau of Prisons' custody on May 26, 2022, after the Court entered its order granting a sentencing reduction. It appears, however, that BOP misunderstood the order and believed that the Court had converted the remainder of Mr. DeMartino's sentence to supervised release with home confinement. As a result, Mr. DeMartino, who remains at home with his wife and children, is currently not under the jurisdiction of the BOP, which released him from its custody, or the Probation Department, which does not have supervised-release authority over him. Further, he does not have a location-monitoring device and is not being actively supervised by a Probation officer. The government and I have been in contact with the Probation Department and the BOP to have this remedied. To help correct this mistake, we respectfully request that the amended judgment clarify that BOP retains custody over Mr. DeMartino, although he will be confined at home rather than in a BOP facility.

 *Second*, Mr. DeMartino has an ophthalmological appointment on June 3, at 2:15 p.m. Although he is not being actively supervised by Probation at this moment, we have made the Probation Department aware of this appointment and the government has no objection to his travel and attendance.

 *Third*, and in response to the Court's order of May 26, 2022, the parties offer the following joint proposed language for the conditions of Mr. DeMartino's home confinement.

 *Mr. DeMartino shall be monitored by location monitoring through September 6, 2024, using specific technology to be determined by the Bureau of Prisons. Mr. DeMartino is restricted to his residence at all times, except for medical appointments, pharmacy visits, and other medical necessities; religious observation; court appearances; attorney visits; two hours' daily recreation, on a schedule to be set by the Bureau of Prisons; and other activities specifically approved by the Court. Mr. DeMartino shall abide by all technology requirements and shall pay*

*United States v. DeMartino*, No. 03-cr-285 (RJD)
June 3, 2022

*all or part of the costs of participation in the location monitoring program, as directed by the Court and supervising officer.*

There is one additional provision that Mr. DeMartino seeks and to which the government and Probation object: that Mr. DeMartino's "residence" encompass not just the interior of his home, but also the exterior areas, including his front and back lawns and driveway. We make this request so that Mr. DeMartino may assist his family with chores, such as taking out the garbage and cleaning the yards, which would not be different than the labor an inmate in a BOP facility might typically perform on the premises.

Finally, although we are not requesting permission for Mr. DeMartino to seek employment, in the event he is charged for participation in the location monitoring program and it becomes a financial hardship, we may seek permission from the Court for him to work or, alternatively, to lift this financial-contribution requirement.

    Respectfully submitted,

    /s/ Benjamin Yaster
    Benjamin Yaster
    Federal Defenders of New York, Inc.
    (718) 330-1291
    *Counsel for Vincent DeMartino*

cc:    Oren Gleich, AUSA (by ECF & email)
        Christina Bourque, Probation Department (by email)