```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,                          :
                                                   :
                                                   :          MEMORANDUM & ORDER
           v.                                      :          03-CR-285 (WFK)
                                                   :
                                                   :
VINCENT DEMARTINO,                                 :
                                                   :
                     Defendant.                    :
                                                   :
-----------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

On February 7, 2024, Defendant filed a motion to modify his conditions of supervised release stemming from his 25-year sentence for attempted murder in 2005. ECF No. 302. The Court denied Defendant's motion. February 16, 2024 Order Denying Motion to Modify Conditions. Defendant appealed, ECF No. 307, and, on May 30, 2024, the Second Circuit vacated the Court's order and remanded the case for the Court to explain its rationale in light of the factors set forth in 18 U.S.C. § 3553, ECF No. 308. On remand, the Court denies Defendant's motion for the reasons set forth below in light of the appropriate § 3553(a) factors.

# I. Background

Vincent DeMartino ("Defendant") was sentenced on January 27, 2005 by the Honorable Judge Raymond J. Dearie to 25 years of imprisonment following a jury verdict convicting him of attempted murder. ECF Nos. 131, 163. The Second Circuit affirmed Defendant's conviction on November 2, 2005. ECF No. 174. On April 15, 2020, Defendant filed a motion to reduce his sentence due to COVID-19, ECF No. 222, which Judge Dearie denied, ECF No. 234. Defendant filed a second motion for early release on January 31, 2022 due to inadequate medical care by the Federal Bureau of Prisons ("BOP"). ECF No. 256. Finding a litany of failures by the BOP in its provision of medical treatment for Defendant and considering the relevant factors under 18 U.S.C. § 3553(a), Judge Dearie granted Defendant's motion for compassionate release on May

26, 2022. ECF No. 276. Judge Dearie ordered Defendant "serve the remainder of his [25-year] sentence, through September 6, 2024, in home confinement." *Id.* at 7.

Defendant filed a motion on February 7, 2024 to modify his conditions of supervised release. Defendant Motion to Modify Conditions of Supervised Release ("Def. Mot."), ECF No. 302. Specifically, Defendant "request[s] that the Court replace [his] home-detention special condition of supervised release with a curfew to be determined by the Probation Department." *Id.* at 1. The Court directed the Government to respond. ECF No. 303. The Government filed its response in opposition to Defendant's motion on February 16, 2024. Government Opposition to Defendant's Motion ("Gov't Opp'n"), ECF No. 306. The Court then denied Defendant's motion, February 16, 2024 Order Denying Motion to Modify Conditions, which Defendant appealed, ECF No. 307. On May 30, 2024, the Second Circuit vacated the Court's order and remanded it for the Court "to reconsider [Defendant's] [18 U.S.C.] § 3583(e)(2) motion and to explain the rationale for its decision" within 21 days. ECF No. 308 (stating "[w]e express no view on whether the motion should be granted or denied on reconsideration").

## II. Legal Standard

Pursuant to 18 U.S.C. § 3583(e)(2), the Court:

> may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision.

As the Second Circuit cited in its order remanding the case, "in determining whether or how to modify the conditions of supervised release, district courts are required to consider the appropriate factors set forth in [18 U.S.C. § 3553]." ECF No. 308 (citing *United States v. Brooks*, 98 F.4th 417, 419 (2d Cir. 2024) (per curiam)).

The Court must consider the following eight factors set forth in 18 U.S.C. § 3553: 1) the nature and circumstances of the offense and the history and characteristics of the defendant, *id.* at § 3553(a)(1); 2) the need to afford adequate deterrence to criminal conduct, *id.* at § 3553(a)(2)(B); 3) the need to protect the public from further crimes of the defendant, *id.* at § 3553(a)(2)(C); 4) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, *id.* at § 3553(a)(2)(D); 5) the kinds of sentence and the sentencing range established for defendants with similar characteristics under the applicable Sentencing Commission guidelines and policy statements, *id.* at § 3553(a)(4); 6) any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing, *id.* at § 3553(a)(5); 7) the need to avoid unwarranted sentence disparities among similar defendants, *id.* at § 3553(a)(6); and 8) the need to provide restitution to any victims of the offense, *id.* at § 3553(a)(7).

"Subsection 3583(e)(2), in sum, requires the court to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency." *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997). On occasion, "changed circumstances," such as "exceptionally good behavior" on the part of the defendant, "will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Id.* at 36. Nonetheless, "[e]xceptionally good behavior is

not established by mere compliance with the terms of supervised release." *United States v. Stein*, 9-CR-377, 2020 WL 4059472, at *2 (E.D.N.Y. July 19, 2020) (Kovner, J.).

In analyzing the § 3553(a) factors, "district courts are not required" to provide lengthy explanations or "detailed findings on each statutory factor." *Brooks*, 98 F.4th at 419. District courts must simply provide sufficient explanation, including "some indication of the rationale for the ruling," in order "to allow for meaningful appellate review." *Id.* (citations and internal quotation marks omitted); *see also id.* ("This is not a high burden to meet.").

### III. Analysis

Defendant raises three arguments to terminate his condition of home confinement and replace it with a curfew. Def. Mot. at 1. First, Defendant argues his record on supervision "remains spotless." *Id.* Second, Defendant argues the special condition of home detention "is complicating [his] ability to work to his full economic potential" because the condition makes it difficult for him to work "weekend, night, and overtime shifts" at his job as a pest exterminator. *Id.* at 2. Third, Defendant argues home detention "has become punitive" and a "harsher form of punishment than he would likely experience has [sic] he remained [sic] the Bureau of Prisons' custody" because, according to Defendant, he would have likely been selected for a halfway house at the time he filed his motion if he had not received a sentencing reduction. *Id.* at 3.

The Government responds by arguing Defendant has not provided new facts warranting modification of his supervision conditions and the relevant § 3553(a) factors counsel in favor of denying Defendant's motion. Gov't Opp'n at 5. First, the Government argues "Judge Dearie's order granting [Defendant] compassionate release made clear his intent that [Defendant] would 'serve the remainder of his sentence, through September 6, 2024, in home confinement.'" *Id.*

4

(quoting ECF No. 278-1 at 7). Second, the Government argues "a re-weighing of the sentencing factors would again counsel against granting relief." *Id.* at 5-6. Third, the Government argues Defendant's home confinement is not unduly punishing because "he has already experienced freedoms far beyond what an inmate serving their complete term would be allowed to experience." *Id.* at 6.

After carefully reviewing the § 3553(a) factors, the Court agrees with the Government.

The first § 3553(a) factor—the nature and circumstances of the offense and the history and characteristics of the defendant—weighs strongly in favor of denying Defendant's motion. Defendant has a lengthy and violent criminal record, culminating in the instant offense for attempted murder. Defendant is a "made member" of the Colombo organized crime family ("the Colombo Family"). Gov't Mem. at 1. Defendant's criminal record dates back to 1978 and includes numerous criminal convictions related to car theft, making death threats to and damaging property of victims who failed to pay debt, conspiring to commit bank robbery, possessing a firearm as a convicted felon, and associating with a convicted felon and associate of the Colombo Family. *Id.* at 2.

In 2001, less than one year after completing a prior term of supervised release, Defendant and his co-defendant conspired and attempted to commit murder. *Id.* at 3. In particular, his co-defendant drove Defendant in a car up to another member of the Colombo Family, at which point Defendant fired four or five shots, non-fatally wounding the Colombo Family member. *Id.* at 1-2. Defendant and his co-defendant engaged in this conduct to maintain or increase their positions within the Colombo Family. *Id.* at 1. After a two-week jury trial in 2004, Defendant and his co-defendant were convicted. *Id.* at 2. Judge Dearie sentenced Defendant on January 27, 2005 to 25 years of imprisonment. *Id.* As the Government notes, "[Defendant] has never taken responsibility

for the offense of conviction" and claimed his innocence in a filing as recently as 2020. *Id.* at 2 n.3, 3.

The next three § 3553(a) factors—the need to afford adequate deterrence to criminal conduct, the need to protect the public from further crimes of the defendant, and the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner—also weigh in favor of denying Defendant's motion. When Judge Dearie granted Defendant's motion for compassionate release, he ordered Defendant to serve the remainder of his 25-year sentence in home confinement until September 6, 2024. ECF No. 276 at 1. As Judge Dearie noted, "[t]here is no doubt as to the seriousness of the crimes [Defendant] committed," including his "crimes stemming from his role as a would-be assassin in a failed attempt on the life of a fellow soldier in the Colombo crime family." *Id.* at 1, 6. Nonetheless, Judge Dearie found that "[i]n light of [Defendant's] advanced age, poor health, and time served, the 3553(a) factors relating to deterrence, protection of the public, and the seriousness of his crimes of conviction are substantially different today than they were in 2004." *Id.* at 6. Since Judge Dearie's order, Defendant's circumstances have not changed so as to warrant re-balancing these § 3553(a) factors and replacing Defendant's condition of home confinement with a curfew.

Defendant argues his "spotless" record under supervision warrants such a change. Def. Mem. at 1. However, his "mere compliance with the terms of his supervision does not constitute 'exceptionally good behavior'" justifying modification of his conditions. *United States v. Solano*, 19-CR-17, 2023 WL 4599937, at *2 (E.D.N.Y. July 18, 2023) (Chen, J.). Compliance is an expectation, not an exceptional act. *United States v. Stein*, 9-CR-377, 2020 WL 4059472, at *2 (E.D.N.Y. July 19, 2020) (Kovner, J.). Although continued home confinement adds "difficulties"

to Defendant's ability to work, Def. Mem. at 2, it does not preclude him from working. As Defendant's supervisor notes, "he has been an outstanding employee," all while under his current condition of home confinement with exceptions for, among other things, work activity. Ex. A to Def. Mem. at 1, ECF No. 302-1.

Additionally, the Court disagrees with Defendant's argument that his home confinement "has become a harsher form of punishment than he would likely experience" under BOP custody. Def. Mem. at 3. As the Government noted, it is not certain the BOP would have placed Defendant in a halfway house given his lengthy and violent criminal history. Gov't Mem. at 6 n.4. Moreover, Defendant has already received more liberty and economic opportunity than most incarcerated defendants in light of Judge Dearie's order granting compassionate release nearly five years before his term of incarceration would have ended.

Therefore, Judge Dearie's order of home confinement until September 6, 2024 appropriately balanced the § 3553(a) factors to ensure both the public's safety and Defendant's ability to receive proper medical care. The Court sees no reason to disturb Judge Dearie's order and its conditions.

The parties have not expressly drawn the Court's attention to applicable policy statements. Finding none on its own, the Court proceeds to the next § 3553(a) factor. For the reasons stated in this Memorandum and Order, the Court's sentence avoids unwarranted sentence disparities. The Court has considered the remaining § 3553(a) factors and finds they are not relevant.

## IV. CONCLUSION

For the foregoing reasons, and having carefully considered the appropriate § 3553(a) factors, Defendant's motion to modify his conditions of supervised release, ECF No. 302, is DENIED.

**SO ORDERED.**

s/ WFK
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: June 3, 2024
      Brooklyn, New York

8